United States District Court
Southern District of Texas
**ENTERED**
March 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEXTERA ENERGY MARKETING LLC, | § § § | CIVIL ACTION NO 4:21-cv-02280 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| SHELL ENERGY NORTH AMERICA (US) LP, | § § § § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Plaintiff NextEra Energy Marketing, LLC for dismissal of the counterclaim for declaratory judgment by Defendant Shell Energy North America (US), LP is granted. Dkt 33.

1. Background

NextEra and Shell entered into a natural gas purchase and sale agreement in October 2012, under which NextEra was to periodically deliver certain quantities of gas to Shell. Dkt 17 at ¶ 7. A clause in the agreement stated that "neither party shall be liable to the other for failure to perform a Firm obligation, to the extent such failure was caused by Force Majeure." It also defined which events would qualify as *force majeure*, the responsibilities of the party whose performance is prevented, and exceptions. Dkt 19-1 at 13.

Winter Storm Uri was an extreme winter storm event in February 2021. It brought freezing temperatures and other winter weather to Texas that affected the operations

of NextEra, Shell, and many other energy companies. Dkt 17 at ¶ 10. NextEra alleges that it gave notice to Shell during the storm of *force majeure* on February 14, 2021, thereby relieving itself of its obligations to deliver gas. Id at ¶ 11.

The EGT Pipeline and the Kiamichi Plant are third parties relevant to this dispute. The parties delivered and received gas through these entities to perform on their contract. Dkt 17 at ¶ 8. The EGT Pipeline reduced the flow of gas from the pipeline to the Kiamichi Plant during the storm. This reduced the volumes that Shell could receive. Even so, Shell didn't reduce its nomination for gas from NextEra. And NextEra continued to nominate available gas to be delivered to the Kiamichi Plant "consistent with Shell's nominations." Dkt 17 at ¶ 14. The result was that Shell didn't receive all gas delivered to the Kiamichi Plant by NextEra, and NextEra was left with gas that Shell didn't take. The EGT Pipeline required NextEra to either liquidate gas in excess of the permitted amount or pay a penalty. NextEra liquidated the excess gas. Id at ¶ 15.

Independently, Shell failed to deliver gas that it was obligated to deliver to NextEra under a separate contract between the parties. But it allegedly failed to declare *force majeure*. Id at ¶ 19.

NextEra brought this suit for breach of contract and declaratory judgment. It alleges that Shell failed to pay for gas delivered, failed to pay an invoice, and failed to reduce its contract quantity during the storm. It also seeks a declaration that *force majeure* existed under the agreement, thus excusing NextEra's failure to deliver natural gas during Winter Storm Uri. Id at ¶¶ 25–33.

Shell answered NextEra's amended complaint, raised numerous affirmative defenses, and brought a counterclaim for declaratory judgment. Dkt 31 at 37–84. As to its affirmative defenses, Shell pleads that (i) NextEra materially breached by failing to deliver the gas it requested; (ii) if *force majeure* was valid and excused NextEra's failure to deliver gas, then Shell's failure should also be excused; (iii) Shell's failure under the separate

agreement to deliver is also excused by *force majeure*; (iv) a limitation-of-liability clause bars any liability on behalf of Shell; (v) and NextEra failed to mitigate its damages. Id at ¶¶ 37–79. As to its counterclaim, Shell requests a declaration that (i) NextEra's *force majeure* notice was invalid; (ii) NextEra's failure to deliver gas without a valid excuse was a material breach of contract; (iii) Shell was entitled to adjust its payment to deduct imbalance charges assessed by an alternate pipeline; (iv) if NextEra was excused by *force majeure*, then the same *force majeure* excused Shell; (v) NextEra can't recover damages by *force majeure* because they are not "Imbalance Charges" under the agreement; (vi) recovery is barred by the limitation-of-liability clause in the agreement; and (vii) Shell's *force majeure* notice excused its failure to deliver gas under the separate agreement. Id at ¶¶ 80–84.

NextEra now moves to dismiss Shell's counterclaim, asserting that it simply re-styles the affirmative defenses as a declaratory judgment. It contends that adjudication of NextEra's claims and Shell's affirmative defenses will resolve issues raised in the counterclaim, thus making it duplicative. Dkt 33 at 1.

### 2. Legal standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v*

3

*Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 557.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and attachments thereto. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

### 3. Analysis

The Declaratory Judgment Act enables courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC §2201(a). It "confers discretion on the courts rather than an absolute right on a litigant." *Wilton v Seven Falls Co*, 515 US 277, 287 (1995) (cleaned up). A declaratory judgment thus serves the purpose of affording "one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued," or providing "a means of settling an actual controversy before it ripens into a violation of the civil or

4

criminal law, or a breach of contractual duty." *Rowan Companies Inc v Griffin*, 876 F2d 26, 28 (5th Cir 1989) (citations omitted).

Dismissal of a counterclaim presented as a competing declaratory judgment is appropriate where it's simply the "mirror image" of other relief sought. *Burlington Insurance Co v Ranger Specialized Glass Inc*, 2012 WL 6569774, *3 (SD Tex). This is so because "a declaratory judgment may not serve a 'useful purpose'" if the court isn't being asked to adjudicate anything new. *Environment Texas Citizen Lobby, Inc v ExxonMobil Corp*, 824 F3d 507, 523 (5th Cir 2016). Courts in the Fifth Circuit thus regularly reject claims for declaratory judgment that seek nothing more than resolution of issues already stated in the lawsuit. *American Equipment Co v Turner Brothers Crane and Rigging LLC*, 2014 WL 3543720, *4 (SD Tex) (collecting cases).

NextEra asserts that Shell's counterclaim is simply a mirror image of its affirmative defenses that will be resolved through the resolution of NextEra's claims and Shell's affirmative defenses. Dkt 33 at 5. Shell tries to differentiate its counterclaim for declaratory relief from its affirmative defenses by arguing that the counterclaim "will serve a useful purpose in clarifying and settling several key contract interpretation issues . . . which will provide certainty and clarity for the contractual relationship between the parties . . . going forward." Dkt 37 at 7–8 (emphasis removed). Shell claims that it seeks a "forward-looking determination of contract interpretation to help resolve (i) other potential disputes about other past and future transaction confirmations, about (ii) other possible force majeure events in the future." Id at 16 (emphasis removed). Shell asserts that courts have permitted "defensive declaratory judgment claims" of this sort that "are designed to define the ongoing and future duties of the parties." Id at 12, citing *RSL-3B-IL, Ltd v Symetra Life Insurance Co*, 2016 WL 1019509, *3 (SD Tex).

The problem with the argument is that Shell didn't bring a counterclaim seeking to define ongoing and future

5

duties. The declarations it seeks instead deal entirely with duties in relation to *past* conduct during Winter Storm Uri. Of primary note, it seeks a declaration that NextEra's notice of *force majeure* wasn't valid and didn't excuse NextEra's failure to deliver. See Dkt 31 at ¶ 83. Thus its counterclaim doesn't introduce any new facts or issues, and nothing suggests that granting its request for declaratory relief will obtain any relief different than resolution of NextEra's original claims on the merits. Viewed in such light, the counterclaim is a pure "mirror image" of NextEra's claims. See *American Equipment Co*, 2014 WL 3543720 at *4.

Recognizing the tenuous footing of its current pleading, Shell requests in the alternative that it be permitted to amend its answer and counterclaim. Dkt 37 at 19–20; see also Dkt 37-1 (draft amendment). But the proposed amended counterclaim does little more than reword and rearrange the existing counterclaim. Compare Dkts 31 at ¶¶ 80–84 with 37-1 at ¶¶ 83–84. Without question, it still primarily requests declarations regarding *past* conduct.

Shell does seek two declarations that don't look explicitly and solely backwards. These assert that "a transporter must invoice a party for fees, penalties, costs or charges (in cash or in kind) in order to 'assess' 'Imbalance Charges,'" and that "a party must have received an invoice from a Transporter reflecting 'Imbalance Charges' to have 'incurred' in order for the other party to be liable for those 'Imbalance Charges.'" Dkt 37-1 at 19 (cleaned up). But these simply restate Shell's second affirmative defense, which contends that the damages sought by NextEra aren't imbalance charges, and so the conditions necessary for imbalance charges to be owed never occurred. Dkt 31 at ¶¶ 53–56. Again, then, what's necessary to adjudicate these putative declarations will necessarily be resolved upon address of Shell's affirmative defenses.

Beyond this, it's impermissible to seek interpretation of a contract for *future* guidance where there's neither a

6

threat of liability for future conduct, nor any actual future controversy that hasn't yet ripened into a breach of contract. See *Rowan Companies, Inc v Griffin*, 876 F2d at 28 (explaining purposes of Declaratory Judgment Act). And in any event, rulings in this action that interpret the contract will bind the parties in the future, giving what guidance as is now permissible regarding later disputes.

4. Conclusion

The motion by Plaintiff NextEra Energy Marketing, LLC, is GRANTED. Dkt 33.

The counterclaim brought by Defendant Shell Energy North America (US), LP is DISMISSED.

SO ORDERED.

Signed on  March 16, 2023 , at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge